UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIRECT ENERGY BUSINESS MARKETING, LLC AND DIRECT ENERGY BUSINESS, LLC, d/b/a DIRECT ENERGY | §<br>§<br>§<br>§<br>§ | |
| *Plaintiffs,* | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO.  4:25-cv-3780 |
| WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d/b/a VISTA MEDICAL CENTER EAST | §<br>§<br>§<br>§<br>§ | |
| *Defendant.* | §<br>§ | |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Plaintiffs Direct Energy Business Marketing, LLC, and Direct Energy Business, LLC (collectively, "Direct Energy") move for default judgment against Defendant Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East ("Vista Medical Center East" or "Defendant"),[1] and in support thereof states as follows:

### I.    Introduction

1. On August 12, 2025, Direct Energy sued Vista Medical Center East for breach of contract after it failed to make payments under the Settlement & Release Agreement (the "Agreement") executed by Direct Energy and Vista Medical Center East on April 14, 2025. *See* Dkt. 1 and Dkt. 1-3.

2. Service of the Summons and Complaint was made on Defendant's registered agent via

---

[1] 1.    Defendant is a limited liability company and as such it "cannot be a minor, an incompetent person, or a current member of the military service." *GS Holistic, LLC v. Smoke Lemmon, LLC*, No. 3:23-CV-01752-L, 2025 WL 1211271, at *2 (N.D. Tex. Apr. 24, 2025).

personal delivery on August 22, 2025.[2]

3.      On January 28, 2026, upon Direct Energy's request, the Clerk entered default against Vista Medical Center East. *See* Dkt. 11.

4.      As of the filing of this Motion for Default Judgment, Defendant has neither filed a responsive pleading nor otherwise defended the lawsuit. Direct Energy therefore requests that the Cour render default and award it the following relief.

5.      **Damages:** Direct Energy seeks damages of (a) $325,518.00 for the unpaid principal balance on the Agreement; (b) pre-judgment interest at the rate of 1.5% per month on the outstanding principal balance from July 9, 2025, to the date of entry of the final default judgment;[3] and (c) post-judgment interest at the applicable federal rate, from the date of final judgment until paid in full.

6.      **Attorneys Fees:** Direct Energy seeks $18,152.54 in contractually mandated reasonable attorney's fees and collection costs it has incurred through February 18, 2026, in its efforts to enforce the Agreement.

## II.      Default Judgment Standard

7.      After default is entered, a plaintiff may seek default judgment under Federal Rule of Civil Procedure 55(b). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "The plaintiff must submit evidence supporting that the defendant has been properly served with the summons, complaint, and the default judgment motion." *Hancock Whitney Bank v. ECS Executive Corp Services*, No. 4:21-CV-00932, 2022 WL 1211375, at *1 (S.D. Tex. Apr. 25,

---

[2] Proof of service is on file with the Court. *See* Dkt. 6.

[3] For purposes of this motion, pre-judgment interest has already been calculated as $38,527.06 from July 9, 2025 through March 6, 2026. *See* Ex. A, ¶ 5–6. The proposed final judgment will therefore require a simple calculation of ongoing pre-judgment interest from March 7, 2026 through the entry of Final judgment at the per diem rate $160.53. *See* Ex. A, ¶ 6 (providing calculation of per diem rate).

2022) (Hanen, J.) (collecting authorities); S.D. Tex. Local R. 5.5 ("Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested).").[4] Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void. *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

8.  "A party is not entitled to a default judgment as a matter of right. Defaults are generally disfavored. The Fifth Circuit favors resolving cases on their merits. This policy, however, is counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion. The court may enter default judgment where the adversary process has been halted because of an essentially unresponsive party." *Hancock Whitney Bank*, 2022 WL 1211375, at *2 (cleaned up)

9.  "A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true. There must be a sufficient basis in the pleadings for the judgment entered. For the court to enter default judgment, the complaint must satisfy Federal Rule of Civil Procedure 8. On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

10.  Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[4] The attached Certificate of Service memorializes compliance with Local Rule 5.5.

678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility than a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III.    Argument

11.    Courts in the Fifth Circuit have developed a three-part test to determine whether a default judgment should be entered. "First, the court must consider whether the entry of default judgment is procedurally warranted. Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for the judgment. Third, the court determines what form of relief, if any, the plaintiff should receive." *Hancock Whitney Bank*, 2022 WL 1211375, at *2 (cleaned up)

#### A. Default Judgment is procedurally Warranted

12.    "Under the first prong, the court must consider whether: (1) material issues of fact are at issue; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *OCEAN MARINE SERVICES, LLC v. DMW MARINE, LLC*, No. 4:25-CV-3086, 2026 WL 587989, at *4 (S.D. Tex. Jan. 8, 2026) (citations omitted).

13.    All of these factors are met in this case.

14.    First, Vista Medical Center East has not filed an answer or any responsive pleadings since being served in this case; consequently, there are no material facts in dispute. Second, Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing

Plaintiff[s'] interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. 10-cv-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). Third, grounds for default are clearly established given that, as reflected by the record and noted in the Clerk's Entry of Default, "defendant failed to plead or otherwise defend in this case as required by law." Dkt. 11. Fourth, there is no indication that Vista Medical Center East's silence is the result of a good faith mistake or excusable neglect. Fifth, Direct Energy seeks only the relief to which it is entitled under the law and the Agreement, which mitigates the harshness of a default judgment. Finally, Direct Energy is aware no facts that would give rise to "good cause" to set aside the default if challenged by Vista Medical Center East.

**B. There is a Sufficient basis for Default Judgment**

15.    There is a sufficient basis for Default Judgment against Vista Medical Center East because it is deemed to have admitted the well-pleaded facts alleged in the Complaint.

16.    Direct Energy has asserted a claim for breach of contract against Vista Medical Center East. Dkt. 1 at 4–5. Under Texas law, to prevail on a breach-of-contract claim a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quotation omitted).

17.    The allegations set out in the Complaint satisfy these four elements. Specifically, the Complaint alleges: (1) the Agreement, attached to the Complaint at Dkt. 1-3, constitutes a valid and enforceable contract;[5] (2) Direct Energy performed its contractual obligations;[6] (3) Vista Medical Center East failed to make monthly payment to Direct Energy as required by the

---

[5] Dkt. 1, ¶ 18.

[6] Dkt. 1, ¶ 19.

Agreement;[7] and (4) Vista Medical Center East's breach has caused financial injury to Direct Energy.[8]

18.     Given these well-pleaded factual allegations, default judgment is appropriate.

### C. Direct Energy is Entitled to Damages and Attorney's Fees

19.     The award of damages for a "breach of contract claim[] can be determined with certainty by reference to the pleadings and supporting documents, obviating the need for an evidentiary hearing." *Hancock Whitney Bank*, 2022 WL 1211375, at *4 (cleaned up).

20.     There is no dispute as to the amounts owed to Direct Energy by Vista Medical Center East under the Agreement. *See* Dkt. 1-3; Ex. A-1.  The outstanding Principal Amount owed to Direct Energy is set forth in Plaintiff's well-pleaded Complaint. *See* Dkt. 1, ¶¶ 12, 15. Upon default Vista Medical Center East agreed to pay pre-judgment interest at "1.5% per month … and accrued attorney's fees." Ex. 1-3, ¶ 5. And "post-judgment interest at the applicable federal rate is appropriate." *Hancock Whitney Bank*, 2022 WL 1211375, at *4.

21.     The damages and attorney's fees break down as follows:

22.     Damages. Direct Energy seeks damages against Vista Medical Center East in the amount of $364,045.06,[9] consisting of $325,518.00 of unpaid principal, $38,527.06 of accrued, unpaid interest from July 9, 2025, through March 6, 2026. *See* Ex. A, ¶¶ 5–6. Plus, post-judgment interest at the applicable federal rate, *see* 28 U.S.C. § 1961, from the date of final judgment until paid in full

23.     Attorney's Fees. In addition, Direct Energy seeks $18,152.54 in contractually

---

[7] Dkt. 1, ¶ 20; Ex. A, ¶ 3.

[8] Dkt. 1, ¶¶ 21–22; Ex. A, ¶¶ 5–6.

[9] *See* Note 3.

mandated reasonable attorney's fees and collection costs it has incurred through February 18, 2026, in its efforts to enforce the Agreement. *See* Ex. B, ¶¶ 4–6 (attorney affidavit); Ex. B-1 (redacted invoice).

### IV.    Conclusion

24.    Plaintiffs Direct Energy Business Marketing, LLC, and Direct Energy Business, LLC respectfully request that the Court render default judgment in its favor against Defendant Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East in the sum of $364,045.06, plus ongoing pre-judgment interest from March 7, 2026 until the entry of Final judgment at the per diem rate of $160.53, plus $18,152.54 in reasonable attorney's fees and collection costs, plus post-judgment interest at the applicable federal rate from the date of final judgment until paid in full, as well as for such other and further relief, at law or in equity, to which Direct Energy may show itself justly entitled.

Dated: March 20, 2026

Respectfully submitted,

*/s/ Tyrone L. Haynes*
Tyrone L. Haynes
Texas Bar No. 24076430
Federal ID No. 2303786
**MCDOWELL HETHERINGTON, LLP**
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
Email: Tyrone.Haynes@mhllp.com
**COUNSEL FOR PLAINTIFFS,
DIRECT ENERGY BUSINESS
MARKETING, LLC, AND DIRECT
ENERGY BUSINESS, LLC D/B/A
DIRECT ENERGY**

8 | P a g e

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing Motion for Default Judgment on Defendant Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East as follows via first class and certified mail, return receipt requested, on the 20th day of March, 2026.


Waukegan Illinois Hospital Company, LLC
c/o CT Corporation System
208 SO Lasalle St, Suite 814
Chicago, IL 60604-1101
*Via CMRRR: 9589 0710 5270 2677 5443 03*


        */ s / Tyrone L. Haynes*
        TYRONE L. HAYNES